IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-103-BO

| | |
|---|---|
| ANTHONY RAY BOWEN,  )  <br>       Appellant   )  <br>           )  <br>v.         )  <br>           )  <br>RICHARD DEWITTE SPARKMAN, )  <br>       Appellee.   ) | O R D E R |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This cause comes before the Court on appellee's *ex parte* motion to dismiss the appeal. Although the motion was filed *ex parte*, appellant has been served with the motion. [DE 3 at 3]. The motion is ripe for review, and, for the reasons stated below, appellee's motion is granted.

BACKGROUND

On March 8, 2016, appellant, debtor in the underlying bankruptcy action, filed a notice of appeal of an order of the bankruptcy court providing for the private sale of real property. [DE 1]. Appellee, the Chapter 7 trustee, moves to dismiss this appeal as moot, citing appellant's failure to seek a stay of the bankruptcy court's order pending appeal pursuant to Bankruptcy Rule 8007 and sale of the subject property which occurred on March 7, 2016, with recording of the deed on March 11, 2016. Appellee further cites appellant's failure to file a designation of items to be included in the record on appeal and statement of issues pursuant to Bankruptcy Rule 8009. Appellant, proceeding *pro se*, did not initially respond to the instant motion.

The Court ordered appellant to explain his failure to comply with Bankruptcy Rule 8009 and respond to appellee's argument that the appeal is moot not later than August 15, 2016. [DE 4]. Appellant was warned that failure to comply with this order would result in dismissal of this

appeal. *Id.* Appellant responded with a lengthy handwritten response. [DE 5]. In that response, appellant stated that he is suffering from mental and physical disabilities, and alleged that he has had crimes committed against him and that other parties are colluding against him throughout these proceedings. *Id.*

## DISCUSSION

Appellee has moved to dismiss the appeal as moot due to the Bankruptcy Court's consent order authorizing private sale dated March 7, 2016 and the resultant completed sale of that property. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). Pursuant to the Bankruptcy Court's order, the trustee proceeded to convey the subject property; deed was recorded and monies disbursed on the settlement date of March 11, 2016. [DE 3]. Appellant failed in his response to demonstrate why his appeal is not mooted by the completed sale. For these reasons, the Court finds that there is no longer a live controversy in these proceedings and appellee's motion should be granted.

## CONCLUSION

Accordingly, appellee's *ex parte* motion to dismiss the appeal is GRANTED [DE 3] and the appeal is DISMISSED. The Clerk is DIRECTED to close the case. The Clerk is DIRECTED to serve a copy of this order on plaintiff by U.S. Mail at the address of record.

SO ORDERED, this 16 day of December, 2016.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE